**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTH CAROLINA, | C.A. No. _____ |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| SPARTANBURG COUNTY; CHUCK WRIGHT, in his official capacity as the Spartanburg County Sheriff; and ALLEN FREEMAN, in his official capacity as administrator of the Spartanburg Detention Center, | |
| Defendants. | |

## I. INTRODUCTION

1.      Plaintiffs bring this civil rights action under 42 U.S.C. 1983 to remedy Defendants' arbitrary and unconstitutional deprivations of Plaintiffs' right to speak with inmates at the Spartanburg County Detention Center.

2.      Plaintiffs American Civil Liberties Union Foundation ("ACLU") and American Civil Liberties Union Foundation of South Carolina ("ACLU-SC") have been investigating alleged violations of the constitutional rights of criminal defendants and individuals who are incarcerated in the Spartanburg County Detention Center.  Plaintiffs have been attempting to gather information through confidential, face-to-face interviews with Spartanburg County Detention Center inmates.

3.      In January 2017, Defendants Spartanburg County, Chuck Wright, and Allen Freeman refused to allow attorneys working with the ACLU and ACLU-SC to conduct attorney visits with individuals incarcerated at the Spartanburg County Detention Center.

4.      Defendants have a policy, practice, and custom of prohibiting attorneys from conducting attorney visits with inmates of the Spartanburg County Detention Center unless the attorneys first demonstrate they have a pre-existing attorney-client relationship with those inmates.

5.      The First Amendment to the U.S. Constitution protects the right to free speech, and has long been held to apply to attorneys seeking to conduct confidential, in-person interviews with prisoners.

6.      By engaging in a policy, practice and custom of prohibiting attorney visits with inmates absent the showing of a pre-existing attorney-client relationship, Defendants have violated and continue to violate Plaintiffs' First Amendment right to speech.

7.      Plaintiffs seek emergency interim injunctive relief, a declaratory judgment, a permanent injunction, and attorneys' fees and expenses.

## II. JURISDICTION AND VENUE

8.      Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(3).

9.      Venue is proper in the Spartanburg Division of the United States District Court for the District of South Carolina under 28 U.S.C. § 1391 and Local Rule 3:01(A)(1) because the events giving rise to Plaintiffs' claims occurred within this district.

## III. PARTIES

10.     Plaintiff ACLU is a not-for-profit 501(c)(3) organization dedicated to protecting individual rights and liberties guaranteed by the Constitution.

11.     Plaintiff ACLU-SC is a state affiliate of the ACLU and a not-for-profit 501(c)(3) organization dedicated to protecting individual rights and liberties guaranteed by the Constitution.

12.     Defendant Spartanburg County is a municipal corporation organized under the laws of the State of South Carolina.

13.     Defendant Chuck Wright is the sheriff of Spartanburg County and the custodian of the Spartanburg County Detention Center.  Defendant Wright is Spartanburg County's final policymaker concerning the Spartanburg County Detention Center's policies and practices. Plaintiffs are suing Defendant Wright in his official capacity.

14.     Defendant Allen Freeman is an officer with the Spartanburg County Sheriff's Office.  Since January 1, 2017, when he replaced Major Neal Urch, Defendant Freeman has acted as the director of the Spartanburg County Detention Center.  Defendant Freeman maintains and enforces the County's policies, practices, and customs concerning attorney-inmate visits at the Detention Center.  Plaintiffs are suing Defendant Freeman in his official capacity.

15.      All actions by the Defendants alleged herein occurred under the color of state law for purposes of 42 U.S.C. § 1983.

## IV.  FACTS

16.     Plaintiff ACLU is a nationwide civil rights organization whose mission is to protect and defend the constitutional rights and civil liberties of everyone in this country, including the least popular members of our society.  Plaintiff ACLU-SC is the South Carolina affiliate of the ACLU.  Both the ACLU and the ACLU-SC work in courts, legislatures, and communities to advocate for civil rights and civil liberties for all.

17.     The ACLU and ACLU-SC routinely represent criminal defendants and people incarcerated in jails and prisons in lawsuits seeking to vindicate their rights under the United States Constitution and federal law.

18.     For more than two years, the ACLU and ACLU-SC have been investigating constitutional violations related to proceedings in South Carolina summary courts.  The term "summary courts" is used to collectively describe municipal and magistrate courts in South

Carolina, which have jurisdiction to preside over low-level misdemeanor charges such as traffic offenses, simple drug offenses, and shoplifting offenses.

19.    These investigations have revealed that indigent people in South Carolina's summary courts routinely proceed without being informed of their constitutional right to a public defender or a jury trial; without being assessed for flight risk and danger to the community before having to pay a money bond in order to secure pretrial release; and without being questioned about their financial circumstances before being jailed for nonpayment of court-imposed fines and fees.

20.    Following up on the findings of the summary courts reports, the ACLU and ACLU-SC have been jointly investigating alleged violations of the constitutional rights of indigent people incarcerated in county jails throughout South Carolina, including the Spartanburg County Detention Center.  The ACLU and ACLU-SC have worked with private attorneys, including Toby Marshall and Eric Nusser of Terrell Marshall Law Group PLLC, and Candy M. Kern-Fuller and Howard E. Sutter III of Upstate Law Group LLC, in conducting this investigation.

21.    Mr. Marshall and Mr. Nusser act as the agents of the ACLU and ACLU-SC when engaging in activities in furtherance of the organizations' joint investigation into the alleged violations of constitutional rights of criminal defendants.

22.    The Detention Center has a written policy, published on its website, that all professional visits "should be scheduled in advance through the Director's Office."

23.    On December 1, 2016, Nusrat Choudhury, a senior staff attorney at the ACLU called Major Neal Urch, then director of the Spartanburg County Detention Center, to request permission for the ACLU, ACLU-SC, and attorneys working with both organizations to conduct interviews with Spartanburg County Detention Center inmates.  Major Urch directed Ms. Choudhury to submit the request to Defendant Freeman, who was scheduled to replace him in the

near future as the director of the Spartanburg County Detention Center.  Major Urch also instructed Ms. Choudhury to identify the specific inmates with whom meetings were sought.

24.    In accordance with Major Urch's instruction to Ms. Choudhury, on December 2, 2016, Candy M. Kern-Fuller of the Upstate Law Group left a message on Defendant Freeman's office phone and sent an email to Defendant Freeman to request permission for herself and Linda Moon, a legal fellow at the ACLU, to meet with twenty-seven Spartanburg County Detention Center inmates.  The email identified each inmate by name and requested permission for Ms. Kern-Fuller and Ms. Moon to meet with the inmates during any of the following dates and time periods: December 5, 2016, between 6:30 p.m. and 10 p.m.; December 7, 2016, between 9 a.m. and 2:30 p.m.; and December 8, 2016, between 9 a.m. and 3 p.m.

25.    Within an hour, Defendant Freeman responded by email:

> The only visit allowed would be those of Attorneys th[at] represent Inmates in criminal, civil or family court proceedings.  Our public defender has representation in the facility daily Monday-Friday.  We do not allow any visitation inside our facility otherwise.  My question do you represent the below in any of the proceedings I listed?

26.    On December 7, 2016, Ms. Choudhury sent a letter to Defendant Freeman ("Demand Letter") again requesting permission to meet with Spartanburg County Detention Center inmates concerning civil rights issues.  The letter specifically requested permission on behalf of the ACLU, the ACLU-SC, and attorneys from Upstate Law Group and Terrell Marshall. The letter also notified Defendant Freeman that the Detention Center's policy of limiting visits with inmates to "attorneys already representing the inmates in criminal, civil, or family court proceedings" is contrary to rights protected by the United States Constitution.  Defendant Freeman did not respond to the letter.

27.    On December 9, 2016, Ms. Choudhury forwarded the Demand Letter to Defendant Wright, the County's final policymaker concerning the Spartanburg County Detention Center's policies and practices.  That same day, Sheriff Wright sent an email denying Ms. Choudhury's request for meetings with inmates in the Spartanburg County Detention Center.  Sheriff Wright's response stated in full:  "We are speaking with our Attorneys and I am saying no to your requests at this time.  Should the Attorneys say anything different, [sic] Your request[s] are denied."

28.    There have been no communications from Sheriff Wright or the County's attorneys following up on the Sheriff's email of December 9, 2016.

29.    On December 12 and 13, 2016, Mr. Marshall and Mr. Nusser visited the Spartanburg County Detention Center.  When they arrived each day, Mr. Marshall and Mr. Nusser provided the officer at the front desk with a list of inmates they sought to interview.  The officer identified the location of each inmate, some of whom were housed at on off-site facility called the Annex 2.  The officer looked at the driver's licenses and bar cards of Mr. Marshall and Mr. Nusser, issued them name tags, and allowed them to enter the Detention Center to meet and communicate with inmates without restriction.

30.    On December 13, 2016, Mr. Marshall and Mr. Nusser visited the Annex 2, an industrial warehouse that Spartanburg County converted into a detention facility to handle the overflow of inmates for whom there was no room at the main Detention Center.  Mr. Marshall and Mr. Nusser informed the officer at the front desk that they wished to visit a number of inmates. The officer looked at the driver's licenses and bar cards of Mr. Marshall and Mr. Nusser and then allowed them access to enter the Annex 2 to meet and communicate with inmates without restriction.

31.     On January 31, 2017, Mr. Marshall, Mr. Nusser, and Ryan Fowler, a legal intern with the ACLU-SC, traveled to the Spartanburg County Detention Center to interview inmates. Like before, Mr. Marshall, Mr. Nusser, and Mr. Fowler gave the officer at the front desk the names of the inmates with whom they wanted to speak.  The officer identified each inmate's location, reviewed the driver's licenses and bar cards of Mr. Marshall and Mr. Nusser, reviewed the driver's license and student identification card of Mr. Fowler, printed name tags for the three men, and then allowed them to enter the Spartanburg County Detention Center.

32.     Once inside the Spartanburg County Detention Center, Mr. Marshall, Mr. Nusser, and Mr. Fowler met with Officer T. Wilson, who made a copy of their inmate list.  Officer Wilson arranged to have the first inmate on the list brought to a room in the booking area where Mr. Marshall and Mr. Nusser had met with inmates during previous visits.

33.     Approximately five minutes into the meeting, Officer Wilson opened the door and interrupted the conversation that Mr. Marshall, Mr. Nusser, and Mr. Fowler were having with the inmate.  Officer Wilson asked the attorneys about the purpose of their meetings and also asked whether they represented the listed inmates.

34.     Mr. Marshall and Mr. Nusser explained that they were interviewing inmates in regard to alleged violations of constitutional rights and informed Officer Wilson that they did not represent any of the inmates at that time.

35.     Officer Wilson told Mr. Marshall, Mr. Nusser, and Mr. Fowler that because they did not represent any of the inmates on their list, they would have to leave the Detention Center. Officer Wilson explained that the County has a policy that prohibits attorneys from speaking with inmates the attorneys do not represent.

36.     When Mr. Marshall, Mr. Nusser, and Mr. Fowler attempted to discuss the matter further, Officer Wilson said they would have to speak with Defendant Freeman, the director of the Spartanburg County Detention Center.  Officer Wilson then escorted Mr. Marshall, Mr. Nusser, and Mr. Fowler out of the booking area, across the facility, and into Major Freeman's office.

37.     Defendant Freeman told Mr. Marshall, Mr. Nusser, and Mr. Fowler that the Spartanburg County Detention Center has a policy prohibiting attorneys from visiting inmates unless the attorneys first demonstrate they have a pre-existing attorney-client relationship with those inmates.  Mr. Marshall attempted to discuss this policy with Major Freeman, but Major Freeman insisted he would only deviate from the policy at the direction of Sheriff Wright.  Until then, he said, Mr. Marshall, Mr. Nusser, and Mr. Fowler were prohibited from conducting inmate interviews and would have to leave the premises.

38.     After the meeting with Major Freeman, Officer Wilson escorted Mr. Marshall, Mr. Nusser, and Mr. Fowler out of the Spartanburg County Detention Center.

39.     Because of Defendants' policy, practice, and custom of prohibiting attorneys from visiting inmates they do not already represent, Plaintiffs have been unable to meet and engage in confidential, in-person communications with inmates at the Spartanburg County Detention Center.

## V.  CLAIM ONE

### FIRST AMENDMENT

40.     Plaintiffs incorporate and re-allege in this section each of the paragraphs set forth above.

41.     Plaintiffs continue to investigate civil rights violations of people incarcerated in the Spartanburg County Detention Center.

42.     Plaintiffs have a right to free speech under the First Amendment to the United States Constitution, and this includes the right to speak to inmates in person to inform them of their legal

rights, investigate civil rights violations, and discuss the possibility of legal representation in a confidential setting.

43.     Acting under color of state law, Defendants have a policy, practice, and custom of prohibiting attorneys from speaking in person to inmates of the Spartanburg County Detention Center unless the attorneys first demonstrate they have a pre-existing attorney-client relationship with those inmates.

44.     Defendants are deliberately indifferent to the Plaintiffs' right to speak to inmates at the Spartanburg County Detention Center.

45.     Defendants' practice of prohibiting attorneys from communicating with inmates is so pervasive, permanent, and well settled as to constitute a Spartanburg County custom with the force of law.  Defendants have actual and constructive knowledge of and acquiesce to that custom, which is a moving force for constitutional violations of Plaintiffs' First Amendment rights.

46.     As a result of their conduct, Defendants are violating or causing violations of Plaintiffs' rights under the First Amendment to the United States Constitution.

47.     Plaintiffs want to meet with and speak in person to inmates at the Spartanburg County Detention Center in circumstances protecting attorney-client confidentiality, but are unable to do so because of Defendants' ongoing policy, practice, and custom of prohibiting attorneys from visiting inmates absent demonstration of a pre-existing attorney-client relationship. Plaintiffs have a substantial, well-founded fear of being denied access to the inmates of Spartanburg County Detention Center in the future.  Indeed, Defendants have already denied Plaintiffs access to those inmates.

48.     As a result of Defendants' unconstitutional actions, Plaintiffs are entitled to declaratory and injunctive relief as well as an award of attorneys' fees and costs.

## VI.  RELIEF REQUESTED

Based on the foregoing, Plaintiffs request that this Court:

A.     Enter judgment declaring that Defendants' policy, practice, and custom of prohibiting attorneys from speaking in person to inmates of the Spartanburg County Detention Center unless the attorneys first demonstrate they have a pre-existing attorney-client relationship with those inmates violates the First Amendment to the United States Constitution;

B.     Issue a temporary, preliminary, and/or permanent injunction barring Defendants from maintaining and enforcing such policies, practices, and customs;

C.     Grant Plaintiffs their reasonable attorneys' fees, litigation expenses, and court costs pursuant to 42 U.S.C. § 1988 and other applicable law; and

D.     Grant all other appropriate relief.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of May, 2017.

**WYCHE, P.A.**

s/Rita Bolt Barker

Rita Bolt Barker (D.S.C. I.D. No. 10566)
Troy A. Tessier (D.S.C. I.D. No. 6863)
Marshall Winn (D.S.C. I.D. No. 529)
44 East Camperdown Way
Greenville, S.C. 29601
Telephone: 864-242-8200
Telecopier: 864-235-8900
rbarker@wyche.com; ttessier@wyche.com
mwinn@wyche.com

**ATTORNEYS FOR PLAINTIFFS**

Dated:  May 2, 2017