IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| American Civil Liberties Union, Foundation, American Civil Liberties Union Foundation of South Carolina, | ) ) ) ) ) | Civil Action Number: 7:17-cv-01145-TMC-KFM |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ANSWER** |
| Spartanburg County, Chuck Wright, in his official capacity as the Spartanburg County Sheriff, and Allen Freeman, in his official capacity as administrator of the Spartanburg Detention Center, | ) ) ) ) ) ) ) ) ) | **(Jury Trial Demanded)** |
| Defendants. | ) ) ) | |

Defendants hereby answer Plaintiff's Complaint as follows:

## FOR A FIRST DEFENSE

1. Defendants deny each and every allegation of the Complaint not hereinafter admitted, qualified, or explained.

2. In responding to the allegations of Paragraph 1 it is admitted that Plaintiff is asserting claims under 42 U.S.C. 1983. All remaining allegations of paragraph 1 are denied.

3. Defendants are without sufficient information to form a belief as to the veracity of the allegations of Paragraph 2 and therefore deny same.

1

4. The allegations of Paragraphs 3 and 4 are admitted as to face to face meetings between lawyers and inmates.

5. The allegations of Paragraphs 5 and 6 call for legal conclusions to which no responses is required. To the extent a response may be deemed to be required, Defendants deny any wrongdoing.

6. In responding to the allegations of Paragraph 7, Defendants acknowledge that Plaintiffs are seeking such relief. Defendants deny that Plaintiffs are entitled to such relief.

7. The allegations of Paragraphs 8 and 9 call for legal conclusions to which no responses is required.

8. The allegations of Paragraphs 10 and 11 are admitted upon information and belief.

9. The allegations of Paragraphs 12, 13, 14, and 15 are admitted.

10. The allegations of Paragraphs 16 and 17 are admitted upon information and belief.

11. Defendants are without sufficient information to form a belief as to the veracity of the allegations of Paragraphs 18, 19, 20, and 21 and therefore deny same.

12. Defendants deny the allegations of Paragraph 22 as written.

13. In responding to the allegations of Paragraph 23, since Major Neal Urch is no longer employed by the Spartanburg County Sheriff's Office and counsel for Defendants has not yet had an opportunity to speak with him about his recollection of any conversations he may have had with Ms. Choudhury, Defendants deny the allegations of said paragraph at this time.

14. In responding to the allegations of Paragraphs 24, 25, 26, 27, and 28 Defendants would crave reference to any written communications by and between Plaintiffs' representatives and Defendants' representatives for a true and accurate depiction of those communications.

15. The allegations of Paragraphs 29, 30, 31, 32, 33, and 34 are admitted upon information and belief.

16. The allegations of Paragraph 35 are admitted as far as face to face visits are concerned.

17. The allegations of Paragraph 36 are admitted.

18. The allegations of Paragraph 37 are admitted as far as face to face visits are concerned.

19. The allegations of Paragraph 38 are denied as written.

20. Defendants deny the allegations of Paragraph 39.

21. Defendants admit so much of Paragraph 40 as previously admitted, and deny or qualify so much of Paragraph 40 as previously denied or qualified.

22. Defendants are without sufficient information to form a belief as to the veracity of the allegations of Paragraph 41 and therefore deny same

23. The allegations of Paragraph 42 are admitted as written.

24. In responding to the allegations of Paragraph 43, it is admitted that in order for a lawyer to have face to face meetings with an inmate the attorney must have a pre-existing attorney-client relationship with the inmate or the inmate must have placed that person on his visitation list.

25. Defendants deny the allegations of Paragraph 44.

26. Defendants deny the allegations of Paragraph 45.

27. Defendants deny the allegations of Paragraph 46.

28. In responding to the allegations of Paragraph 47, Defendants admit that Plaintiffs' representatives were denied face to face meetings with inmates on January 31, 2017. The remaining allegations of Paragraph 47 are denied. Defendants are more than wiling to allow Plaintiffs' representatives to meet with inmates once the inmate has placed those individuals on their visitation list or the attorney is listed as a particular inmate's attorney of record.

29. Defendants deny the allegations of Paragraphs 48.

## FOR A SECOND DEFENSE[1]

30. The allegations of the above defense are realleged to the extent they are consistent with this defense.

31. Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to Defendants. Therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6), FRCP.

## FOR A THIRD DEFENSE

32. The allegations of the above defenses are realleged to the extent they are consistent with this defense.

33. Plaintiffs' Complaint does not, to the extent it attempts to do so, state a claim against Defendants actionable under 42 U.S.C. §1983 and the Constitution of the United

---

[1] Since Defendants have not yet engaged in discovery with Plaintiffs to learn all of the facts and circumstances relating to the matters at issue in the Complaint, Defendants hereby reserve the right to amend their Answer to assert additional affirmative defenses or abandon affirmative defenses once discovery has been completed.

States.

## FOR A FOURTH DEFENSE

34. The allegations of the above defenses are realleged to the extent they are consistent with this defense.

35. In their dealings with Plaintiffs' representatives during the period and events alleged in the Complaint, Defendants were acting in accordance and in compliance with the specific laws, rules, and regulations of the United States and the State of South Carolina. Consequently, Defendants are immune from suit and plead such statutory and regulatory authorization as a complete defense and bar to Plaintiffs' Complaint.

## FOR A FIFTH DEFENSE

36. The allegations of the above defenses are realleged to the extent they are consistent with this defense.

37. During the period alleged in Plaintiff's Complaint, Defendants were acting in good faith and was not acting in a malicious manner with corrupt motives. In addition, Defendants, through their conduct, did not violate any clearly established statutory or constitutional right of which a reasonable person would have been aware. Defendants therefore plead the defense of qualified immunity as a complete defense and bar to Plaintiffs' Complaint.

## FOR A SIXTH DEFENSE

38. The allegations of the above defenses are realleged to the extent they are consistent with this defense.

39   At all times referenced in this lawsuit, Defendants Wright and Freeman were engaged in the performance of their official duties as employees of the Spartanburg County Sheriff's Department, and at no time did they violate any clearly established constitutional rights of the Plaintiffs, which were known or should have been known to them. Furthermore, Defendants Wright and Freeman were, at all times, performing discretionary functions and actions which could reasonably have been thought consistent with the rights of Plaintiffs for which they are alleged to have violated. Defendants are therefore entitled to immunity as a matter of law.

## FOR AN SEVENTH DEFENSE

40.   The allegations of the above defenses are realleged to the extent they are

41.   At no time in their dealings with Plaintiffs did Defendants perform any acts, or fail to perform any acts, with deliberate indifference, in bad faith, in a malicious manner, or with corrupt motives, and therefore Defendants are immune from suit.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray that the Complaint be dismissed, that they be awarded the costs of this action, and for such other and further relief as this court deems just and proper.

**HOLCOMBE BOMAR, P. A.**

/s/ A. Todd Darwin
A. Todd Darwin (Fed I.D. No. 6382)
J. Hollis Inabinet (Fed I.D. No. 11550)
Post Office Box 1897
Spartanburg, South Carolina 29304
(864) 594-5300
tdarwin@holcombebomar.com
Attorneys for Defendants

Spartanburg, SC